```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA,
                                        MEMORANDUM & ORDER
     - against -
                                        No. 22-cr-297(KAM)
JASON GRIMES,

                Defendant.
-----------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

Defendant Jason Grimes ("Defendant" or "Grimes") is charged with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  (*See* ECF No. 1 ("Indictment").)  He has moved to dismiss the Indictment on the grounds that 18 U.S.C. § 922(g)(1) is unconstitutional.  (*See* ECF No. 21, Defendant's Motion to Dismiss Indictment ("Mot.").)  For the reasons below, the Court denies Defendant's motion.

## BACKGROUND

**I.   Factual Background**

Jason Grimes was convicted in New York state court in 2011 of Burglary in the Second Degree, Illegal Entry into a Dwelling, a Class C Felony, in violation of N.Y. Penal Law § 140.25(2), and was sentenced to four years' incarceration and four years of post-release supervision.  (Mot. at 3.[1])  Grimes was convicted of a

---

[1] All pin citations to the record refer to the page number assigned by the court's CM/ECF system.

second Class C Felony in 2012—Robbery in the Second Degree, Aided by Another, in violation of N.Y. Penal Law § 160.10(1)—and he was sentenced to four years' incarceration and five years of post-release supervision.  (*Id.*)  Each of these convictions would make it a federal crime for Grimes to "possess in or affecting commerce, any firearm or ammunition."  *See* 18 U.S.C. § 922(g)(1).[2]

On April 14, 2022, the New York City Police Department ("NYPD") received a report of a burglary in progress at a hair salon that Grimes managed.  (Mot. at 3.)  According to the government, Grimes pointed a gun at two NYPD officers who responded to the call.  (ECF No. 22, Government's Memorandum in Opposition ("Opp."), at 6.)  The government further asserts that Grimes "broke through the front door glass [of the salon], brandished the firearm, and attempted to flee the scene."  (*Id.*)  The government claims that Grimes tossed a handgun "into the street" during his flight, that the handgun was later recovered, and that DNA matching Grimes was identified on the firearm.  (*Id.*)  The government further asserts that Grimes "admitted to pointing the gun during

---

[2] 18 U.S.C. § 922(g)(1) applies to "any person . . . who has been convicted in any court of . . . a crime punishable by imprisonment for a term exceeding one year."  The term "crime punishable by imprisonment for a term exceeding one year" does not include "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less."  18 U.S.C. § 921(a)(20)(B).  Grimes does not qualify for the misdemeanor exception because New York classifies his prior convictions as felonies, and each was punishable by a term of imprisonment greater than two years.  *See* N.Y. Penal Law §§ 140.25, 160.10.

the incident and tossing it away" during his subsequent Mirandized post-arrest statement. (*Id.*)

## II. Procedural Background

Grimes was charged on June 29, 2022, by a grand jury sitting in the Eastern District of New York, with possessing a firearm in violation of 18 U.S.C. § 922(g)(1). (Indictment.) An arrest warrant was issued, (ECF No. 2), and Grimes was released upon bond in the amount of $150,000, (ECF No. 5, Order Setting Conditions of Release). Grimes pleaded not guilty to the charged offense. (ECF No. 4, Minute Entry for Criminal Proceeding dated May 26, 2023.) Grimes filed the instant motion on November 3, 2023.

## LEGAL STANDARDS

## I. Motion to Dismiss Indictment

A party may raise by pre-trial motion any "defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Such motions include motions alleging a "defect in the indictment." Fed. R. Crim. P. 12(b)(3)(B). A pre-trial motion to dismiss the indictment is a proper vehicle to raise a constitutional challenge to the charging statute. *United States v. Louper-Morris*, 672 F.3d 539, 562 (8th Cir. 2012).

**DISCUSSION**

I. **Motion to Dismiss**

Grimes seeks to dismiss his indictment on the ground that the charging statute, 18 U.S.C. § 922(g)(1), violates the Second Amendment of the federal Constitution as applied to him. (Mot. at 3.) Second Circuit precedents bind this Court, including the decision in *United States v. Bogle*, 717 F.3d 281, 281-82 (2d Cir. 2013) (per curiam), holding that "§ 922(g)(1) is a constitutional restriction on the Second Amendment rights of convicted felons." Nonetheless, Grimes argues that the Supreme Court's June 23, 2022, decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), "invalidated the prior framework for adjudicating Second Amendment challenges that the Second Circuit and other courts had used," and supports his motion to dismiss.[3] (Mot. at 5.) The Government argues that *Bruen* did not disturb Second Circuit precedent upholding the constitutionality of Section 922(g). (Opp. at 7-13.) For the reasons stated below, the Court agrees with the Government that Section 922(g)(1) is constitutional under controlling precedent.

---

[3] *Bruen* invalidated a component of New York's state firearm licensing scheme on Second Amendment grounds. *See* 597 U.S. at 8-11. *Bruen* did not invalidate or address the constitutionality of any federal laws, however. *See generally id.*

4

**A.  Discussion**

Where the Second Circuit has "spoken directly to the issue presented," this Court must follow its decision unless it is "overruled in a precedential opinion by the Second Circuit itself," or later Supreme Court precedent "so undermines it that it will almost inevitably be overruled by the Second Circuit." *United States v. Smith*, 489 F. Supp. 3d 167, 172–73 (E.D.N.Y. 2020) (quoting *United States v. Diaz*, 122 F. Supp. 3d 165, 179 (S.D.N.Y. 2015)).  Here, the Second Circuit in *Bogle* spoke directly to the issue presented in Grimes's motion, *see* 717 F.3d at 281–82, and no later Second Circuit precedent has overruled *Bogle*.  Thus, Grimes's motion to dismiss the indictment may be granted only if *Bruen* so undermined *Bogle* that the Second Circuit will almost inevitably overrule it.[4]

The Court is not convinced that *Bruen* almost inevitably will prompt the Second Circuit to overrule *Bogle*.  In *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008), the foundational case recognizing an individual Second Amendment right to gun ownership, the Supreme Court explained that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions

---

[4] The Second Circuit heard oral argument on May 5, 2023, in an appeal raising an as-applied challenge to 18 U.S.C. § 922(g)(1) like the one Grimes raises here.  *See* Br. for Pl.-Appellant, *Zherka v. Garland*, No. 22-1108 (2d Cir. Nov. 9, 2022), ECF No. 67.  The decision in that case (or another pending Second Circuit case involving the same issue) may conclusively resolve similar challenges in future cases.

5

on the possession of firearms by felons." The Supreme Court's next major Second Amendment case, *McDonald v. Chicago*, 561 U.S. 742, 786 (2010), reaffirmed its statement in *Heller*. Grimes dismisses the Supreme Court's statements as *dicta*, (ECF No. 23, Defendant's Reply in Support ("Reply"), at 8), but "the Second Circuit [in *Bogle*] has turned what [Grimes] characterizes as 'dicta' in *Heller* and *McDonald* into binding precedent." *United States v. Hampton*, No. 1:21-cr-766 (JPC), 2023 WL 3934546, at *12 (S.D.N.Y. June 9, 2023).

*Bruen* abrogated Second Circuit precedent regarding firearm licensing, but it did not abrogate precedent regarding felons possession of firearms. *See United States v. Baker*, No. 6:23-cr-6087 (CJS), 2023 WL 5511343, at *3 n.3 (W.D.N.Y. July 12, 2023). In invalidating a component of New York's firearm licensing statute, *Bruen* abrogated *Kachalsky v. County of Westchester*, 701 F.3d 81 (2d Cir. 2012), an earlier Second Circuit case that upheld the New York law as constitutional by applying intermediate scrutiny. *Bruen*, 597 U.S. at 19. The Supreme Court in *Bruen* faulted the Second Circuit's decision in *Kachalsky* for relying on a means-ends analysis that it deemed "inconsistent with *Heller*'s historical approach" to resolving Second Amendment cases. *Id.* at 19-24.

*Bogle*, by contrast, did not rely on any means-ends analysis to uphold 18 U.S.C. § 922(g)(1). Rather, it relied on *Heller*

6

itself, which applied a strictly history-based analysis and in doing so explicitly stated that its reasoning should not "be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons."  *See* 717 F.3d at 281 (quoting *Heller*, 554 U.S. at 626).  If anything, *Bruen* suggested that the Second Circuit was correct in relying on language about felon possession of firearms in *Heller* and *McDonald*.  *See* 597 U.S. at 72 (Alito, J., concurring) (expressing belief that the majority opinion had not "disturbed anything" in *Heller* or *McDonald* "about restrictions that may be imposed on the possession or carrying of guns"); *id.* at 81 (Kavanaugh, J., joined by Roberts, C.J., concurring) (writing separately to suggest *Heller*'s language regarding "possession of firearms by felons" remains valid); *id.* at 129 (Breyer, J., joined by Sotomayor and Kagan, JJ., dissenting) (understanding majority opinion "to cast no doubt on" *Heller*'s statement about felon possession).

"Because *Bogle* is undisturbed, the Court need not analyze the nation's history of regulation of firearms with respect to convicted felons."[5]  *United States v. Alston*, No. 1:22-cr-178(ENV),

---

[5] To this point, Grimes cites the Seventh Circuit's decision in *Atkinson v. Garland*, 70 F.4th 1018, 1022 (7th Cir. 2023), in which a panel of that court reversed a district court decision dismissing an as-applied challenge to 18 U.S.C. § 922(g)(1) and remanded the case to the district court for a "proper, fulsome analysis of the historical tradition supporting § 922(g)(1)."  (*See* Mot. 16.)  That case is distinguishable because the district court there relied on a defunct circuit precedent applying the "means-ends inquiry" *Bruen* rejected, *see Atkinson*, 70 F.4th at 1022, and the Court here relies on Second Circuit precedent that did *not* apply the now-forbidden means-ends analysis.  Further, as the dissenting judge in *Atkinson* explained, nothing prevents a court of

7

2023 WL 6977055, at *3 n.4 (E.D.N.Y. Oct. 23, 2023); *see United States v. Tribble*, 2023 WL 2455978, at *2 (N.D. Ind. Mar. 10, 2023) ("As tempting as it is to pore over colonial era gun laws and muse on whether they are an adequate proxy to § 922(g)(1), in this case doing so would take the analysis a step too far."). If the Court lacked directly relevant Second Circuit precedent, that historical deep dive might have been necessary; however, such an undertaking is unnecessary to conclude that the Second Circuit is not almost inevitably likely to overrule existing precedent.[6] Equally worthy jurists have disagreed about the historical record's implications for 18 U.S.C. § 922(g)(1). *Compare, e.g., Range*, 69 F.4th at 101–106 (examining various founding-era statutes to conclude that 18 U.S.C. § 922(g)(1) lacked sufficient historical support as applied to appellant) *with Range*, 69 F.4th at 119–28 (Krause, J., dissenting) (examining those and other historical sources to reach opposite conclusion). Given such widely conflicting views about which historical sources are relevant and what to make of those

---

appeals from addressing the historical record itself should it find it necessary to conduct that analysis. *See id.* at 1025 (Wood, J., dissenting).

[6] For completeness, however, the Court notes that other courts in the Second Circuit that have undertaken that analysis upheld 18 U.S.C. § 922(g)(1) as constitutional facially and as applied. *Alston*, 2023 WL 6977055, at *3 n.4; *see, e.g., United States v. Mitchell*, No. 1:23-cr-198(ALC), 2023 WL 8006344, at *4–7 (S.D.N.Y. Nov. 17, 2023); *United States v. Ford*, No. 1:23-cr-107(LGS), 2023 WL 7131742, at *3 (S.D.N.Y. Oct. 30, 2023); *United States v. Abreu*, No. 7:23-cr-67(NSR), 2023 WL 6541302, at *3–4 (S.D.N.Y. Oct. 6, 2023); *United States v. Davila*, No. 1:23-cr-292(JSR), 2023 WL 5361799, at *2–5 (S.D.N.Y. Aug. 22, 2023); *United States v. Lane*, No. 5:22-cr-132(GWC), 2023 WL 5614798, at *3–7 (D. Vt. Aug. 24, 2023); *United States v. Rowson*, 652 F. Supp. 3d 436, 457–72 (S.D.N.Y. 2023); *Campiti v. Garland*, 649 F. Supp. 3d 1, 5–8 (D. Conn. 2023).

centuries-old sources with respect to 18 U.S.C. § 922(g)(1), this Court, which "do[es] not have historians on staff," *see United States v. Bullock*, No. 18-CR-165, 2023 WL 4232309, at *4 (S.D. Miss. June 28, 2023), has no reason to believe that the Second Circuit almost certainly would side with those who have found constitutional defects in that statute.

Finally, even assuming *Bogle* were abrogated to the extent that defendants now could bring as-applied challenges to 18 U.S.C. § 922(g)(1), Grimes's argument would fail on its own terms. Citing *Range*, among other cases, Grimes argues that for purposes of the Second Amendment, "people with felony convictions do not lose their status as 'people' under the Constitution." (Mot. at 11-12.) This Court notes that *Range* was a "narrow" ruling that sustained an as-applied challenge to 18 U.S.C. § 922(g)(1) due to the non-violent nature of the defendant's prior convictions. *See* 69 F.4th at 106. As Grimes concedes, one of his prior convictions was for robbery, so *Range*'s reasoning does not assist him. (Mot. 15-16); *see Whyte*, 2023 WL 8096926, at *14 (rejecting as-applied challenge because defendant's prior convictions included "two serious, violent felonies . . . whereas *Range* involved a food stamp fraudster who pleaded guilty to a state law misdemeanor"). Whether Grimes frames his challenge as a facial or as-applied challenge, there is no basis to dismiss the Indictment.

9

**CONCLUSION**

For the reasons set forth above, the Court denies Grimes's motion to dismiss the Indictment. The parties are ordered to confer and advise the Court how they intend to proceed by December 15, 2023.

**SO ORDERED.**

Dated:  December 7, 2023
        Brooklyn, New York

_____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York